**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re KENDRA TENNILL WHEELER ) | Case No. 07-60321-LYN |
| ) | |
| Debtor, ) | |
| ) | |
| _____ ) | |

**MEMORANDUM and ORDER**

This matter comes before the Court on an objection to the chapter 13 plan of Kendra Tennill Wheeler ("the Debtor") by Americredit Financial Services, Inc., ("Americredit"). On June 30, 2006, the debtor purchased a 2003 Hundai Sonata. AmeriCredit financed the purchase and perfected a security interest in the Sonata. Americredit's security interest is a purchase money security interest secured by a claim on a vehicle that was purchased within 910 days of the date of petition. As such, the Sonata is referred to as a "910 Vehicle."

On February 26, 2007, the Debtor filed a chapter 13 petition. Americredit filed a proof of claim in the amount of $11,251.37, to which no objections have been filed. On May 22, 2007, the Debtor filed a plan that provided that the Debtor would retain the Sonata and that the debt secured by the Sonata would be paid in full during the pendency of the plan. The plan was

1

confirmed.

On February 6, 2008, the Debtor filed a modified plan that proposes to surrender the vehicle in full satisfaction of the claim. Americredit filed an objection to the plan, arguing that the Debtor is bound by the terms of the plan as originally confirmed.

The Fourth Circuit Court of Appeals, interpreting 11 U.S.C. § 1325(a)(5) and the concomitant "hanging paragraph", has recently ruled that when a debtor surrenders a 910 vehicle, any deficiency that remains after the sale of the vehicle gives rise to an unsecured debt that must be treated as an unsecured claim in the chapter 13 plan. See Tidewater Finance Co. v. Kenney and Santoro (In re Kenney), No. 07-1664 (4th Cir. June 25, 2008). A debtor may not do in a modified plan what he or she may not do in an original plan.

The objection will be sustained.

## **ORDER**

The objection of Americredit Financial Services, Inc., to the confirmation of the Debtor's chapter 13 plan shall be and hereby is sustained.

So ORDERED.

Upon entry of this Order, the Clerk shall forward a copy to Sara A. John, Esq., Stephen E. Dunn, Esq., and the chapter 13 trustee.

Entered on this 9th day of July, 2008.

_____
William E. Anderson
United States Bankruptcy Judge

2